UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DRAKE S. JONES,

      Plaintiff,

  v.                               NO. CIV. 09-1025 WBS DAD

COUNTY OF SACRAMENTO; JOHN MCGINNESS, individually and in his official capacity as Sheriff of the Sacramento County Sheriff's Department; Sacramento County Main Jail Commander ERIC MANESS; Sacramento County Sheriff's Department Chief of Correctional and Court Services JAMIE LEWIS; Sacramento Sheriff's Department Deputy CHRIS CONRAD (Badge #1202); and DOES 1 to 20,

      Defendants.
_____/

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

      After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for August 10, 2009, and makes the following findings

1

1  and orders without needing to consult with the parties any
2  further.

### I.   SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

### II.   JOINDER OF PARTIES/AMENDMENTS

Because "Doe" defendants are disfavored in the Ninth Circuit, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citing Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968)), the court will reject plaintiff's request to add additional defendants without leave of court until October 1, 2009.  No further amendments to pleadings or joinder of parties will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

### III.   JURISDICTION/VENUE

Jurisdiction is predicated upon 42 U.S.C. § 1983 (Civil Rights).  Supplemental jurisdiction is predicated upon 28 U.S.C. § 1367.  Venue is undisputed and is hereby found to be proper.

### IV.   DISCOVERY

The parties shall serve initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) no later than September 11, 2009.

The parties shall disclose any experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than January 15, 2010.  With regard to expert

1  testimony intended solely for rebuttal, those experts shall be
2  disclosed and reports produced in accordance with Federal Rule of
3  Civil Procedure 26(a)(2) on or before February 19, 2010.
4          All discovery, including depositions for preservation
5  of testimony, is left open, save and except that it shall be so
6  conducted as to be completed by April 2, 2010.  The word
7  "completed" means that all discovery shall have been conducted so
8  that all depositions have been taken and any disputes relevant to
9  discovery shall have been resolved by appropriate order if
10 necessary and, where discovery has been ordered, the order has
11 been obeyed.  All motions to compel discovery must be noticed on
12 the Magistrate Judge's calendar in accordance with the local
13 rules of this court and so that such motions may be heard (and
14 any resulting orders obeyed) no later than April 2, 2010.
15         V.   MOTION HEARING SCHEDULE
16         All motions, except motions for continuances, temporary
17 restraining orders, or other emergency applications, shall be
18 filed on or before May 21, 2010.  All motions shall be noticed
19 for the next available hearing date.  Counsel are cautioned to
20 refer to the local rules regarding the requirements for noticing
21 and opposing such motions on the court's regularly scheduled law
22 and motion calendar.
23         VI.  FINAL PRETRIAL CONFERENCE
24         The Final Pretrial Conference is set for August 9,
25 2010, at 2:00 p.m. in Courtroom No. 5.  The conference shall be
26 attended by at least one of the attorneys who will conduct the
27 trial for each of the parties and by any unrepresented parties.
28         Counsel for all parties are to be fully prepared for

trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement that identifies every non-discovery motion that has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

## VII.  TRIAL SETTING

The jury trial is set for October 13, 2010, at 9:00 a.m.  Plaintiff anticipates that a jury trial will last three to four days.  Defendants estimate that a trial will last three to seven days.

## VIII.  SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

1  Counsel are instructed to have a principal with full
2 settlement authority present at the Settlement Conference or to
3 be fully authorized to settle the matter on any terms.  At least
4 seven calendar days before the Settlement Conference, counsel for
5 each party shall submit a confidential Settlement Conference
6 Statement for review by the settlement judge.  If the settlement
7 judge is not the trial judge, the Settlement Conference
8 Statements shall not be filed and will not otherwise be disclosed
9 to the trial judge.

IX.   MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED:  August 5, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE