John A. Lavra, SBN 114533
Jeri L. Pappone, SBN 210104
Amanda L. Butts, SBN 253651
Longyear, O'Dea and Lavra, LLP
3620 American River Drive, Suite 230
Sacramento, Ca. 95864
Telephone: (916) 974-8500
Facsimile: (916) 974-8510

Attorneys for Defendants
COUNTY OF SACRAMENTO
JOHN MCGINNESS
ERIC MANESS
JAMIE LEWIS
CHRIS CONRAD

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| DRAKE S. JONES,<br><br>    Plaintiff<br><br>v.<br><br>COUNTY OF SACRAMENTO; JOHN MCGINNESS, individually and in his official capacity as Sheriff of the Sacramento County Sheriff's Department; Sacramento County Main Jail Commander ERIC MANESS; Sacramento County Sheriff's Department Chief of Correctional and Court Services JAMIE LEWIS; Sacramento Sheriff's Department Deputy CHRIS CONRAD (Badge # 1202); and DOES 1- to 20,<br><br>    Defendants. | Case No. 2:09-CV-01025-WBS-DAD<br><br>**STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY DOCUMENTS** |

All parties agree to produce documents pursuant to the following provisions:

1.    In connection with discovery proceedings in this action, the parties hereby designate the following production of documents, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). All documents produced pursuant to this protective order are reflect information either from the personnel files of employees of the Sacramento County Sheriff's Department (responsive to Plaintiff's Request for Production of Documents, Set One, propounded to the COUNTY OF SACRAMENTO) or documents that have not been made public and the

1  disclosure of said documents could have the effect of causing harm to Defendants. By designating
2  these documents as "Confidential," under the terms of this Order, the party making the designation
3  is certifying to the Court that there is a good faith basis both in law
4  and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26 (g).

5        2.      Confidential documents shall be so designated by water-marking copies of the
6  document produced to a party with word "CONFIDENTIAL." All documents produced pursuant
7  to this protective order will be bates stamped and watermarked "CONFIDENTIAL""DO NOT
8  DUPLICATE".

9        3.      Material designated as confidential under this Order, the information contained
10 therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from
11 material designated as confidential shall be used only for the purpose of this litigation, and for no
12 other purpose.

13       4.      Confidential Material produced pursuant to this Order may be disclosed or made
14 available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed
15 by such counsel). This information may be provided to any expert retained for consultation and/or
16 trial. In the event that this confidential information is given to an expert per this order, counsel that
17 retained the expert shall provide a copy of this order with the confidential information.

18       5.      The Confidential Material produced pursuant to this Order will be redacted with
19 respect to law enforcement officers, officers of the court, and third party information including, but
20 not limited to: (i) current home addresses; (ii) current home or personal telephone numbers; (iii)
21 social security numbers; (iv) dates and places of birth. Each redaction must be identified by
22 showing what information has been redacted (*i.e.*, "current address," "current home telephone,"
23 "social security number," etc.) This provision complies with Eastern District Local Rule 39-140.

24       6.      In the event that any Confidential Material is used in any court proceeding in this
25 action, it shall not lose its confidential status through such use, and the party using such shall take
26 all reasonable steps to maintain its confidentiality during such use. Nothing in this order creates the
27 requirement that any documents covered by this protective order be filed under "seal"with the
28 District Court.

7. This Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

8. Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity. Nor does this Protective Order result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

9. In the event any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, upon discovery of the inadvertent disclosure, the party shall promptly notify the opposing party thereof. Immediately upon receiving such notice, counsel for the party who received the allegedly inadvertently-disclosed privileged information shall sequester all identified information (including any and all copies) in its offices until the matter has been resolved either by agreement of the parties or by an order of this Court. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement as to the return and/or use of such Documents within ten (10) court days of such notice, the producing party may, within ten (10) court days thereafter, petition the Court on an expedited basis to resolve the matter. If the party alleging an inadvertent disclosure makes an adequate showing, reasonable under the circumstances, of both inadvertence and privilege, the Court shall order all such information returned to the party who inadvertently produced them.

10. If Protected Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel

of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Protected Information and prevent further disclosure of it by the person who was the recipient of such information.

11. This Order shall survive the final termination of this action, to the extent that the CONFIDENTIAL information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return all documents, material, and deposition transcripts designated as confidential and all copies of the same to counsel for Defendant COUNTY OF SACRAMENTO, Longyear, O'Dea & Lavra, LLP, 3620 American River Drive, Suite 230, Sacramento, CA 95864 who produced the CONFIDENTIAL records.

**IT IS SO AGREED.**

Dated: December 23, 2009          LAW OFFICE OF STEWART KATZ

                                  By: */s/ Stewart Katz*
                                      STEWART KATZ
                                      Attorney for Plaintiff

Dated: December 23, 2009          LONGYEAR, O'DEA & LAVRA, LLP

                                  By: */s/ Jeri L. Pappone*
                                      JERI L. PAPPONE
                                      Attorneys for Defendants

**IT IS SO ORDERED.**

DATED: December 24, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\jones1025.stip.prot.ord