1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                         FOR THE EASTERN DISTRICT OF CALIFORNIA

9   DRAKE JONES,

10           Plaintiff,                        No. CIV S-09-1025 WBS DAD

11       v.

12   COUNTY OF SACRAMENTO,
     ET AL.
13
             Defendants.                       ORDER
14
     _____/
15

16                                    INTRODUCTION

17           This case came before the court on February 11, 2011, for hearing on pretrial

18   motions in limine.  (Doc. Nos. 102 and 103).  Stewart Katz, Esq. and Guy Darilowitz, Esq.

19   appeared for plaintiff.  John A. Lavra, Esq. and Amy Lindsey-Doyle appeared for defendants.

20           For the reasons stated on the record at the hearing defendants' unopposed motion

21   in limine No. 2 to preclude evidence regarding prior citizen complaints against the defendant

22   officers and defendants' motion in limine No. 4 to preclude evidence or argument based upon the

23   County's policy on disposal of infectious waste or violations thereof were granted.  Defendants'

24   motion in limine No. 3 to preclude evidence of defendants' statements made during the

25   /////

26   /////

1   Sacramento County Sheriff's Department's Internal Affairs Investigation was denied.[1]  Finally,

2   plaintiff's motion in limine to exclude evidence of plaintiff's 2008 felony conviction was denied

3   in part and granted in part with the court ruling that only the fact of that felony conviction would

4   be admissible for impeachment and that evidence with respect to the collateral details of the

5   conviction would be excluded unless made relevant by any testimony given by plaintiff on direct

6   examination at trial.  See Clem v. Lomeli, No. 2:05-cv-02129-JKS, 2007 WL 268842, at *2

7   (E.D. Cal. Sept. 13, 2007).

8          Below, the court will address the four remaining motions in limine taken under

9   submission following the hearing.

10                          APPLICABLE RULES OF EVIDENCE

11          Federal Rule of Evidence 403 provides that relevant evidence may be excluded if

12  any probative value is substantially outweighed by the danger of unfair prejudice, confusion of

13  the issues, pr misleading the jury, or by considerations of undue delay, waste of time or needless

14  presentation of cumulative evidence.  Federal Rule of Evidence 404(b) provides that evidence of

15  prior acts is not admissible to show conduct in conformity with those acts.  Thus, "[c]haracter

16  evidence is normally not admissible in a civil rights case."  Gates v. Rivera, 993 F.2d 697, 700

17  (9th Cir.1993).  Federal Rule of Evidence Rule 609(a)(1) states that for purposes of attacking the

18  credibility of a witness: (1) evidence that a witness other than the accused has been convicted of

19  a crime shall be admitted subject to Rule 403, if the crime was punishable by death or

20  imprisonment in excess of one year under the law under which the witness was convicted.

21  The burden of demonstrating that the conviction survives the balancing test imposed by Rule 609

22  is on the party seeking to introduce the conviction.  United States v. Hendershot, 614 F.2d 648,

23  652-53 (9th Cir.1980).  Generally, where convictions are admissible under Rule 609 only the

24

25          [1]  This ruling was without prejudice to specific objections raised by defendants to use of
    recordings and transcripts of the Internal Affairs investigation materials reflecting matters other
26  than the defendants' statements.

1  name of the conviction, its date and the sentence imposed is put in evidence.  See <u>United States</u>

2  <u>v. Estrada</u>, 430 F.3d 606, 620-21 (2nd Cir. 2005).

3                                    REMAINING MOTIONS IN LIMINE

4          A.      <u>Defendants' Motion (No. 1) To Preclude Evidence or Argument That Defendants</u>

5                  <u>Violated State Regulations or Department Internal Policies</u>

6                  Defendants seek to exclude any evidence or argument suggesting that defendants

7  violated the Sheriff's Departments internal policies by placing plaintiff in a "sobriety cell" at the

8  jail following his arrest or by placing him in a "safety cell" following the incident in question.

9  They also seek to preclude admission of any evidence suggesting that state regulations or

10 Sheriff's Department policies regarding cell checks were not complied with following plaintiff's

11 in the "safety cell."  Defendants argue that non-compliance with these regulations or policies

12 cannot provide the basis for liability, is therefore irrelevant and admission of such evidence

13 would be unduly prejudicial to their defense.

14                 Plaintiff counters that with respect to his placement in the "sobriety cell" the

15 concern is that defendants will continue to use the term to falsely create the false impression that

16 he was under the influence.  He claims that he was placed in the cell, where the alleged excessive

17 use of force occurred, in error.  He argues that he has offered not to refer to the regulations or

18 policies regarding the use of the cell if defendants agree to stipulate that he was not under the

19 influence, but they have declined.  With respect to the use of the "safety cell" plaintiff argues that

20 defendants lack of compliance with regulations and policies regarding its use irrelevant to his

21 claim that his placement in that cell without water while shackled and with  sewage still on his

22 face and clothing was gratuitously prolonged and constitutionally unreasonable.   Finally,

23 plaintiff points out that defendants listed the Sheriff's Department policies at issue in their list of

24 trial exhibits which was incorporated into the Final Pretrial Order and that each party is allowed

25 under that order to offer any exhibit listed by the other party.

26 /////

1  Plaintiff's arguments in this regard are persuasive.  Defendants' motion in limine

2  to exclude the policies and regulations in question from evidence will be denied without

3  prejudice to any specific objection to the particular use of the exhibits at trial.  Defendants may

4  propose an appropriate jury instruction providing that non-compliance with internal policies does

5  not provide the basis for liability under 42 U.S.C. §  1983, if they wish.

6  B.  Defendants' Motion (No. 5) To Preclude Testimony By Plaintiff's Raw Sewage

7  Expert Dr. Theis

8  According to his report dated March 10, 2010, plaintiff's expert, Jerold H. Theis,

9  D.V.M , Ph.D is a U.C. Davis Parasitologist with forty-six year of experience working with

10  infectious diseases.  Dr. Theis has opined that someone placed face-down in raw sewage for three

11  minutes and then remains in the contaminated clothing for several hours without being washed

12  off, as plaintiff alleges was the case here, could potentially be exposed to virusis, bacteria, fungi

13  and protoza.  Dr. Theis also opines that someone directly exposed to raw sewage should instead

14  immediately remove his clothes and wash his entire body.  Finally, he states that raw sewage is

15  malodorous.

16  Defendants seek to exclude this testimony on the grounds that it is irrelevant.  In

17  this regard, defendants argue that there is no evidence that plaintiff was exposed to raw sewage,

18  plaintiff does not allege that he has suffered from any of risks associated with exposure to raw

19  sewage described by Dr. Theis, and is otherwise irrelevant to the question of whether the

20  defendants subjected plaintiff to the excessive use of force.  Finally, defendants contend that such

21  testimony will only mislead and confuse the jury and waste the court's time.

22  Plaintiff opposes the motion in limine, arguing that Dr. Theis' testimony regarding

23  the risks posed by exposure to raw sewage is highly relevant to the objective reasonableness of

24  defendants' conduct which is the primary issue of ultimate fact to be determined by the jury in

25  this case.  Plaintiff's view of the evidence is that the defendant officers forced him face down

26  into raw sewage, that had backed up onto the floor of the cell in which he was being held, for

1  several minutes.  Plaintiff contends that based upon the depositions of defendants and others that

2  the defense will attempt to minimize the conduct by describing the raw sewage that covered the

3  cell floor merely as odorless, untreated, non-potable water.  Plaintiff contends that the "sobriety

4  cell" floor was covered with yellowish raw sewage that backed up out of the floor drains and

5  smelled of excrement.  He argues that Dr. Theis' testimony is necessary to dispel any notion that

6  what covered the floor cell was merely untreated water and to help the jury assess the "nature and

7  quality" of defendants' conduct in determining the objective reasonableness of the defendants'

8  actions.

9         Again, the court is persuaded by plaintiff's argument.  Dr. Theis will be permitted

10  to testify regarding the risks posed by the actions allegedly taken by defendants under the

11  circumstances plaintiff claims existed.  Such testimony is relevant to the objective

12  reasonableness of their actions.  Of course, the defense will be free to offer evidence that the

13  circumstances were different than those described by plaintiff and will no doubt cross-examine

14  Dr. Theis in a manner that makes clear to the jury that he did not test the liquid that was present

15  on the cell floor on the day in question and does not know its makeup.  Defendants' motion to

16  exclude the testimony of Dr. Theis will therefore be denied

17      C.    Plaintiff's Motion To Exclude The Testimony of Defendants' Expert, Dr. Greene

18      Plaintiff seeks to exclude the testimony of defendants' psychiatric expert, Dr. John

19  Greene on the grounds that his testimony is neither relevant nor reliable.  Plaintiff's counsel

20  argues that Dr. Greene never examined plaintiff and has no testimony to offer rebutting the

21  opinion of plaintiff's doctor's and has no opinions supported by any recognized methodology.

22  Rather, plaintiff contends, the defense intends to call Dr. Greene merely to introduce improper

23  character evidence in an attempt to call plaintiff's credibility into question and to have Dr.

24  Greene express an unqualified opinion regarding whether the videotape of the incident in

25  question depicts the use of excessive force by defendants.

26  /////

Defendants oppose the motion, arguing that plaintiff has alleged that he suffers from Post-Traumatic Stress Disorder (PTSD) and that Dr. Greene is qualified to render opinions regarding PTSD in general and the basis for plaintiff's PTSD diagnosis in particular. At oral argument counsel for defendants denied any intention to use Dr. Greene to get improper character evidence before the jury or to render an opinion whether the videotape of the incident in question depicts the excessive use of force that could trigger PTSD.

Plaintiff's motion in limine will be granted in part and denied in part. Dr. Greene will be allowed to provide expert testimony regarding PTSD including its causes, accepted methods of diagnosing the condition, the scope of inquiry a clinical examiner should conduct in determining whether one is suffering from PTSD and symptoms associated with that condition. He will also be permitted to testify regarding his opinion, if he has formed one, of Dr. Brooker's and Dr. Kahn's diagnosis of plaintiff as well as the basis for those diagnosis, including psychological test results.  However, because he was directed by defense counsel not to examine plaintiff, Dr. Greene will be precluded from testifying that the videotape of the incident in question does not reflect an excessive use of force sufficient to constitute a traumatic violent event triggering PTSD nor will he be allowed to allowed to testify regarding whether there is substantial evidence to refute plaintiff's claim and Dr. Brooker's diagnosis that plaintiff's symptoms were caused primarily by the events of August 5, 2008, because any such testimony would lack a sufficient basis and would be unreliable.[2]

D.    Plaintiff's Motion To Exclude Evidence of Plaintiff's Non-Felony Arrests, Police Encounters and Periods of Incarceration

Plaintiff seeks to exclude evidence of his nine arrests, encounters with police or periods of incarceration which occurred between 1990 and August 5, 2008, prior to the alleged

---

[2]  As noted above, it appears that Dr. Greene is qualified to testify generally about the type of traumatic events that are generally recognized as sufficient to trigger PTSD as well as what explanations other than PTSD may exist with respect to any specific symptom of mental illness.

1   excessive use of force by defendants as well as evidence regarding his 2009 encounter with a

2   City of Sacramento police officer in a courthouse elevator.  Plaintiff argues that none of these

3   incidents are relevant to the issues to be tried but, rather, are improper character evidence.  In

4   addition plaintiff argues that evidence regarding the incidents is remote and unduly prejudicial.

5          Defendants argue that each of the incidents is highly relevant.  They claim that

6   plaintiff essentially falsely told doctors that before the alleged August 5, 2008 incident with

7   police he had no mental or anger issues and had no history of misconduct, significant dealings

8   with police or experience with incarceration and that these falsehoods impacted the doctors'

9   diagnosis.  Defendants also contend that plaintiff claims that rage, anger issues, problems with

10  inter-personal relationships and paranoia of law enforcement all stem from the August 5, 2008

11  incident, when in fact plaintiff's prior and one subsequent police interaction strongly suggest

12  otherwise.  Accordingly, defendants argue that they should be allowed to call approximately

13  twenty-five witnesses at trial to establish the facts surrounding each of the ten incident, three of

14  which involved misdemeanor convictions.

15         As indicated at the hearing the court will not permit the calling of some twenty-

16  five witnesses to testify regarding the details of each of plaintiff's encounters with police over the

17  past twenty years on Federal Rule of Evidence 403 grounds.  However, it is appropriate to allow

18  defendants to elicit summary testimony[3] regarding the fact that plaintiff has suffered a prior

19  misdemeanor conviction in 1990 for domestic violence, two misdemeanor convictions in 1990

20  and 1993 for violating a restraining order, was charged with a misdemeanor for disturbing the

21  peace in 2003 with the charge being dismissed, was charged twice in 2006[4] with the charges

22  being dismissed in both instances and was arrested on August 5, 2008 and booked for violation

23  _____

24      [3]  Defendants will be precluded from calling plaintiff's ex-wife to testify regarding these
    incidents.  Fed. R. Evid. 403

25

26      [4]  The court will exclude any testimony regarding the nature of these charges since both
    involved possession of a controlled substance.  Fed. R. Evid. 403

1   of California Penal Code §§ 245 and 422 but charges were never filed against him in connection

2   with this incidence.  In addition, summary testimony will be allowed that plaintiff was arrested

3   on some of these occasions and was held for short periods of time in the county jail in connection

4   therewith.  No more than this is necessary to permit defendants to impeach the history given by

5   plaintiff to the doctors who diagnosed his condition or to allow defendants to argue that there is

6   reason to believe that plaintiffs' current symptoms may stem from something other than the

7   August 5, 2008 incident.  See Brooks v. Gett, No. C 07-2615 MEJ, 2010 WL 4226693, at *8

8   (N.D. Cal. Oct. 21, 2010) ("Defendant is correct in pointing out that the jury cannot decide how

9   much distress to attribute to a particular incident in a vacuum.") (citing Halverson v. Baird, 146

10   F.3d 680, 686-87 (9th Cir. 1998).[5]

11          The court will, however,  allow defendants to call police officer Matthew Garcia

12   to testify regarding the incident in the courthouse elevator in 2009 when plaintiff allegedly

13   displayed aggressive behavior toward Garcia rather than expressing the fear of a uniformed

14   police officer that one might expect from one allegedly suffering from PTSD after being the

15   victim of an excessive use of force at the hands of police.  Finally, plaintiff's two alleged brief

16   interactions back in October of 1993 with deputies at the Sacramento County Main Jail which

17   did not result in charges or any disciplinary action will be excluded on Federal Rule of Evidence

18   403 grounds.

19                                          CONCLUSION

20          For the reasons set forth above,  IT IS HEREBY ORDERED that defendants'

21   motion in limine (Doc. No. 102) and plaintiff's motion in limine (Doc. No. 103) are granted in

22   part and denied in part as follows:

23   /////

24

25          [5]  A limiting instruction will be given advising the jury that they may consider such
     evidence only for the purpose of assessing damages.  Brooks v. Gett, 2010 WL 4226693, at *8
26   (citing Peraza v. Delameter, 722 F.2d 1455, 1457 (9th Cir. 1984)).

1    (1.)  Defendants' motion in limine No. 1to preclude evidence that defendants

2  violated state regulations or department internal policies is denied;

3    (2.)  Defendants' motion in limine No. 2 to preclude evidence regarding prior

4  citizen complaints against the defendant officers is granted;

5    (3.)  Defendants' motion in limine No. 3 to preclude evidence of the individual

6  defendants' statements made during the Sacramento County Sheriff's Department's Internal

7  Affairs Investigation is denied without prejudice to specific objections to use of recordings and

8  transcripts of the Internal Affairs investigation materials reflecting matters other than the

9  defendants' statements;

10    (4.)  Defendants' motion in limine No. 4 to preclude evidence or argument based

11  upon the County's policy on disposal of infectious waste or violations is granted.

12    (5.)  Defendants' motion in limine No. 5 to preclude testimony by plaintiff's

13  expert, Dr. Theis, is denied;

14    (6.)  Plaintiff's motion in limine to exclude the testimony of defendants' expert,

15  Dr. Greene, is granted in part and denied in part as indicated above;

16    (7.)  Plaintiff's motion in limine to exclude evidence of his non-felony arrests,

17  police encounters and periods of incarceration is granted in part and denied in part as indicated

18  above; and

19    (8.)  Plaintiff's motion in limine to exclude evidence of his 2008 felony

20  conviction is denied in part and granted in part as indicated above.

21  DATED: February 15, 2011.

22

23    _____

24    DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

25  Ddad1/orders.civil/jones1025.inlimine.wpd

26