IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DRAKE JONES,

      Plaintiff,                    No. CIV S-09-1025 DAD

     v.

COUNTY OF SACRAMENTO,      ORDER
et al.,

      Defendants.

_____/

      Pending before the court is plaintiff's March 23, 2011 bill of costs. (Doc. No. 165.) Defendants filed objections to plaintiff's bill of costs on March 30, 2011, taking issue with several of the amounts requested by plaintiff. (Doc. No. 166.) Those objections will be addressed in turn below.

      The factual background has been set forth in detail in an order filed this same day with respect to plaintiff's motion for attorneys' fees and will not be repeated herein. In short, plaintiff prevailed at trial, in part, on his claim that the defendant deputies had violated his constitutional rights. Plaintiff has submitted a bill of costs. Defendants have filed written objections thereto.

/////

1    Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 292(f)
2 govern the taxation of costs, other than attorney's fees, awarded to the prevailing party in a civil
3 matter.  The Supreme Court has interpreted Rule 54(d)(1) to require that district courts consider
4 only those costs enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc.,
5 482 U.S. 437, 441-42 (1987).  Section 1920 provides that:

> A judge or clerk of the court may tax the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Rule 54 (d)(1) provides that "costs . . . should be allowed to the prevailing party."
Fed R. Civ. P. 54(d)(1).  This provision establishes a presumption that costs will be awarded to
the prevailing party, but allows the court discretion to decide otherwise.  Association of Mexican
American Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000).

The court is to exercise its discretion in determining whether to allow certain
costs. See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (holding that the district court
has discretion to determine what constitutes a taxable cost within the meaning of § 1920); Alflex,
914 F.2d at 177 (same).  The losing party has the burden of overcoming the presumption in favor
of awarding costs to the prevailing party.  See Russian River Watershed Prot. Comm. v. City of
Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be

overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523; see also Local Rule 292(d) ("If no objection is filed, the Clerk shall proceed to tax and enter costs.").

## ANALYSIS

I. Plaintiff's Bill of Costs

### A. Fees of the Clerk

Plaintiff seeks $350 in costs for fees of the clerk. Such costs are explicitly allowed under 28 U.S.C. § 1920, and the Local Rules, and defendants do not object to plaintiff's requested amount. Accordingly, plaintiff is entitled to recover $350 in costs for fees of the clerk.

### B. Fees for Service of Summons

Plaintiff seeks $1,836.25 in costs for fees related to the service of summons. A substantial portion of the amount requested by plaintiff is for 17.5 hours of summons service at a rate of $90 an hour. Defendants object to the requested amount, arguing that the maximum allowable rate for service of summons is $55 per hour. Moreover defendants argue that plaintiff's total contains a $4 accounting error.

Counsel for plaintiff used a private process server to achieve service of summons instead of the U.S. Marshals Service. Fees for service by a person other than a U.S. Marshal are taxable costs, to the extent such fees do not exceed the amount allowable for the same service by a U.S. Marshal. Local Rule 292(f)(2). The rate for service of summons by a U.S. Marshal is $55 per hour. 28 C.F.R. § 0.114(a)(3). Plaintiff therefore is only entitled to recover costs for 17.5 hours of summons service at a rate of $55 per hour. Moreover, plaintiff did indeed commit an accounting error in the amount of $4 in the bill of costs submitted.

Accordingly, after reviewing plaintiff's bill of costs, the court finds that plaintiff is entitled to recover $1,219.75 in costs for fees related to the service of summons.

/////

/////

C. <u>Fees for Depositions and Transcripts</u>

Plaintiff seeks $13,238.11 in costs for fees for depositions and transcripts. Defendants object to the amount requested, arguing that: 1) plaintiff cannot recover costs incurred for shipping and handling; 2) plaintiff cannot recover costs for obtaining copies of transcripts in various formats; and 3) plaintiff cannot tax the cost for a late cancellation of a deposition to the defendants.

With respect to the shipping and handling of deposition transcripts, "[t]he court will allow shipping costs related to the transcripts, as they are associated with court reporters' fees and were necessarily incurred in order to obtain the transcripts." <u>Nielsen v. Trofholz Technologies, Inc.</u>, No. CIV. 2:09-960 WBS KJN, 2010 WL 5136164 at *2 (E.D. Cal. Dec. 9, 2010). However, with respect to costs for obtaining copies of depositions in multiple formats, plaintiff has failed to explain the necessity of these costs. "Something beyond 'convenience or duplication to ensure alternative methods for presenting materials at trial' is needed to tax costs" to the defendants. <u>Nielsen</u>, 2010 WL 5136164 at *2 (quoting <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 449 (4th Cir. 1999)).

Finally, with respect to the cost incurred for a late cancellation of a deposition, defendants contend that plaintiff is attempting to tax to the defendants the cost incurred for the late cancellation of the deposition of Shawn Fore, who was not listed as a witness on plaintiff's initial or supplemental disclosures, who was not a witness called to testify at trial and whose deposition was never taken. In light of defendants' argument, and the court's discretion, this charge will also not be taxed to the defendants.

Accordingly, upon reviewing plaintiff's bill of costs, the court finds that plaintiff is entitled to $10,600.85 in costs for deposition and transcript fees.

D. <u>Fees for Printing</u>

Plaintiff seeks $258.85 in costs for printing fees. Such costs are explicitly allowed under 28 U.S.C. § 1920 and defendants do not object to plaintiff's requested amount.

Accordingly, plaintiff is entitled to recover $258.85 in costs for printing fees.

E. Fees for Witnesses

Plaintiff seeks $1,590 in costs for fees for witnesses. Defendants object to this amount, arguing that the amount includes compensation for witnesses that plaintiff failed to submit proof of payment to and that the amount is based on a rate in excess of the maximum allowed.

Of the $1,590 in costs plaintiff seeks, $1,050 is sought for fees paid to John Greene, M.D., defendants' rebuttal expert witness. Plaintiff cannot be awarded costs for expert witness fees in excess of a $40 per diem attendance fee. See West Virginia University Hospital v. Casey, 499 U.S. 83, 102 (1991); Crawford Fitting, 482 U.S. at 439; Van Horn v. Dhillon, No. 08-CV-01622 LJO DLB, 2011 WL 66244 at *7 (E.D. Cal. Jan. 10, 2011); Ruff v. County of Kings, 700 F. Supp.2d 1225, 1243 (E.D. Cal. 2010). Plaintiff will accordingly be awarded only $40 in costs for Mr. Greene's attendance fee.

With respect to defendants' argument that plaintiff failed to submit proof of payment as to all witnesses listed in plaintiff's bill of costs, the court is unpersuaded. The bill of costs submitted by counsel for plaintiff is signed under the penalty of perjury. Moreover, counsel for defendants does not dispute that the individuals identified in plaintiff's bill of costs appeared as witnesses at trial.

Accordingly, after reviewing plaintiff's bill of costs, the court finds that plaintiff is entitled to $560 in costs for witness fees.

F. Fees for Exemplification and Copies

Plaintiff seeks $1,608.70 in costs for fees for exemplification and copies. Defendants object to this request, arguing that plaintiff failed to provide an explanation or itemized statement for the cost of these copies. Moreover, counsel for defendants asserts that the copies were most likely made for the convenience of counsel.

/////

5

1  The court also finds defendants argument in this regard unpersuasive. Again, counsel for plaintiff has submitted a bill of costs that is signed under the penalty of perjury with documentation supporting the requested costs. Moreover, the items at issue are specifically identified as taxable costs under both 28 U.S.C. § 1920 and Local Rule 292(f)(5). "[T]he Ninth Circuit has held that, as long as the items fall within the taxable costs of § 1920 and any applicable Local Rule, the cost is permissible." Tubbs v. Sacramento County Jail, 258 F. R. D. 657, 660 (E.D. Cal. 2009) (citing Aflex, 914 F.2d at 177).

Accordingly, after reviewing plaintiff's bill of costs and defendants' objections thereto, the court finds that plaintiff is entitled to the requested $1,608.70 for fees for exemplification and copies.

CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that pursuant to the March 23, 2011 Bill of Costs (Doc. No. 165) submitted by plaintiff, defendants' SHALL BE TAXED in the amount of $14,598.15.[1]

DATED: August 12, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
orders.consent/jones1025.o.billofcosts

---

[1] The Clerk of Court's Taxation of Costs in this amount is attached hereto.